# In the United States Court of Federal Claims

No. 25-250
Filed: March 6, 2025

|  |  |
|---|---|
| VEDRICK LAMONTE SYMONETTE, | ) ) ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) ) |
| *Defendant.* | ) ) ) |

## ORDER

    Plaintiff Vedrick Lamonte Symonette filed a complaint and a motion for leave to proceed *in forma pauperis* in February 2025.  ECF Nos. 1, 2.  On February 13, 2025, the court denied Mr. Symonette's motion for leave to proceed *in forma pauperis* and ordered Mr. Symonette to pay the $405 filing fee by March 17, 2025.  ECF No. 5.  As of the date of this Order, Mr. Symonette has not paid the filing fee.

    On March 3, 2025, the court received a document from Mr. Symonette that purports to notice an appeal of this case.  ECF No. 8 at 1.[1]  Mr. Symonette cannot yet appeal this case because judgment has not been entered.  *See* 28 U.S.C. §§ 2107(a)-(b), 2522; *see also* Fed. R. App. P. 4(a)(1)(B).  Based on the substance of Mr. Symonette's filing, ECF No. 8, the court construes it as a motion for reconsideration of the court's February 13, 2025, order, ECF No. 5.[2]  The court denies Mr. Symonette's motion for reconsideration.

    The court's February 13, 2025, order reviewed Mr. Symonette's complaint under 28 U.S.C. § 1915 because Mr. Symonette sought leave to proceed *in forma pauperis*.  ECF No. 5.  Section 1915 prohibits a prisoner from bringing an action *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, . . . brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim . . . unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  The court denied Mr. Symonette *in forma pauperis* filing status because he is a prisoner who has filed "at

---

[1] The court cites to the pagination in the ECF header.

[2] Mr. Symonette's filing, ECF No. 8, also requests the court grant him summary judgment.  ECF No. 8 at 3.  Because the court does not have jurisdiction over the allegations in Mr. Symonette's filing, ECF No. 8, it is immaterial whether the court construes this filing as a motion for reconsideration or a motion for summary judgment.  Either way, the court denies this motion.

least three complaints that were dismissed as frivolous, malicious, or for failure to state a claim," and he did not allege "that he is in imminent danger of physical injury." ECF No. 5 at 1-2.

To prevail on a motion for reconsideration, Mr. Symonette must show "exceptional circumstances . . . based on a manifest error of law or mistake of fact." *Jackson v. United States*, 664 F. App'x 922, 925 (Fed. Cir. 2016) (internal quotation marks omitted) (quoting *Kaplan v. United States*, 115 Fed. Cl. 491, 493 (2014)). Mr. Symonette may demonstrate such exceptional circumstances exist if "(1) there has been an intervening change in controlling law; (2) previously unavailable evidence has been discovered; or (3) reconsideration is necessary to prevent manifest injustice." *Maehr v. United States*, 767 F. App'x 914, 916 (Fed. Cir. 2019) (internal quotation marks omitted) (quoting *Heritage of Am., LLC v. United States*, 77 Fed. Cl. 81, 82 (2007)). In the absence of an intervening change in the law, discovery of previously unavailable evidence, or manifest injustice, a party may not raise new arguments in a motion for reconsideration because such new arguments were waived. *See Multiservice Joint Venture, LLC v. United States*, 374 F. App'x 963, 967 (Fed. Cir. 2010).

Mr. Symonette's motion for reconsideration alleges he has been assaulted and is in danger of further injury. ECF No. 8 at 2. His complaint did not allege that he faced imminent danger of serious physical injury. ECF Nos. 1, 1-2. In fact, there is nothing in his complaint that so much as alludes to imminent harm. Nor is there anything in the exhibits to his complaint that does so either. Thus, to the extent Mr. Symonette attempts to allege such an imminent danger of physical injury in his motion, he forfeited such allegations by failing to raise them in his complaint. *See Multiservice Joint Venture*, 374 F. App'x at 967.

Because the court holds a pro se plaintiff's pleadings to a less stringent standard and liberally construes language in the plaintiff's favor, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court further reviews whether Mr. Symonette's allegations of harm in his motion would be sufficient to justify allowing him to proceed *in forma pauperis* even if those allegations were not forfeited. They do not.

Mr. Symonette's own motion shows that he is not facing the kind of harm that would allow him to proceed *in forma pauperis*. Mr. Symonette's motion alleges he was "hit" in 2022 and again in 2024. ECF No. 8 at 2. He also alleges he "asked the First District Court for 'PROTECTION' from ATTACKS which they wrongly denied me[.]" *Id.* Mr. Symonette attached an order from the Florida First District Court of Appeal from November 26, 2024, that denied Mr. Symonette's "motion for protection." *Id.* at 4. The fact that the Florida courts have concluded that Mr. Symonette has not established a need for protection suffices to demonstrate that he is not facing the kind of harm that would warrant allowing him to proceed *in forma pauperis* in this case.

Finally, to the extent that Mr. Symonette asserts that the Florida court's order "wrongly denied" him protection, this court lacks jurisdiction to hear that argument because it is a collateral attack on the state court's decision. This court lacks jurisdiction to entertain collateral attacks on state court decisions. *See Gordon v. United States*, No. 2025-1016, 2025 WL 635446, at *1 (Fed. Cir. Feb. 27, 2025) ("The trial court was clearly correct that it could not entertain . . . collateral attacks on the . . . state court proceedings . . . because it only has jurisdiction over claims against the United States."); *Robinson v. United States*, 135 Fed. Cl. 556, 560 (2017)

("[T]he court is powerless to review the decisions of state courts."). If Mr. Symonette wishes to challenge the Florida court's decision, he may seek any further relief or appeals available in the state court system, but he may not challenge the Florida court's decision in this court.

For the foregoing reasons, the court **DENIES** Mr. Symonette's motion for reconsideration, ECF No. 8. Pursuant to the court's February 13, 2025, order, ECF No. 5, Mr. Symonette must pay his filing fee on or before March 17, 2025. If Mr. Symonette does not pay his filing fee on or before March 17, 2025, the court will dismiss his complaint pursuant to Rule 41 of the Rules of the Court of Federal Claims.

It is so ORDERED.

s/ Edward H. Meyers
Edward H. Meyers
Judge
